```
            IN THE UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

BANK OF AMERICA, N.A.            *
s/b/m BOATMEN'S NATIONAL
MORTGAGE, INC.,                  *

    Plaintiff,                  *

vs.                              *
                                CASE NO. 4:09CV28 (CDL)
WILENE K. WASHINGTON a/k/a       *
WILLENE KENNEBREW a/k/a
WILLENE K. WASHINGTON and        *
BENEFICIAL MORTGAGE CO. OF
GEORGIA and THE UNITED STATES    *
DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT, ["HUD"]             *

    Defendants.                 *


ORDER AND JUDGMENT[1]

Plaintiff has filed a Motion for Final Default Judgment (Doc. 18) against Defendants Wilene K. Washington ("Washington") and Beneficial Mortgage Company of Georgia ("Beneficial") and for Entry of Consent Order as to the United States Department of Housing and Urban Development ("HUD"). Having considered the motion and the pertinent portions of the record, the Court finds that a hearing is not required and that the motion should be granted as follows.

Judgment shall be entered in favor of Plaintiff as to <u>Count I</u> of the Amended Complaint (Doc. 11) as set forth in this Order and

---

[1] Plaintiff's counsel and Defendant HUD's counsel submitted a proposed order containing excessive legalese. The Court has revised the form of that order so that it is more understandable. No change has been made to the substance of the proposed order, and therefore, the Court notes that counsel for Plaintiff and for HUD consent to the substance of this Order and Judgment.

Judgment.  Defendants Washington and Beneficial are in irretrievable default, and thus this judgment is a default judgment as to them.  Defendant HUD consents to this Order and Judgment. <u>Count II</u> of the Amended Complaint is dismissed without prejudice pursuant to Plaintiff's voluntary dismissal of that Count.

Accordingly, it is hereby ordered and adjudged that Plaintiff holds the senior lien interest in 1606 Collier Street, Columbus, Muscogee County, Georgia 31906 ("the Property") by virtue of its Note and Security Deed, executed between Hilton Mortgage Corporation and Washington on March 21, 1996 and recorded on March 22, 1996 at Deed Book 4433, Page 71, Muscogee County Records, which were transferred and assigned to Boatmen's National Mortgage, Inc., per an Assignment recorded on March 22, 1996, at Deed Book 4433, Page 78, which Plaintiff now holds by virtue of merger with Boatman's National Mortgage, Inc.

It is further ordered and adjudged that the Cancellation of Plaintiff's Security Deed, recorded on June 29, 2004, recorded at Deed Book 7475, Page 5, Muscogee County Records, is hereby voided and invalidated based upon that cancellation having been made erroneously.

The Court further declares, establishes and reforms Plaintiff's Security Deed to reflect that it encumbers the entire Property as secured collateral for its Note, relating back to March 22, 1996.

The Court also subordinates a junior second-lien Security Deed

recorded against the Property on October 27, 1999, for $10,998.44 by Defendant Beneficial Mortgage Co. of Georgia, at Deed Book 5419, Page 167, Muscogee County Records to Plaintiff's Security Deed and subordinates a junior third-lien Security Deed, recorded on March 7, 2002 for $2,968.40 by Defendant United States Department of Housing and Urban Development, at Deed Book 6255, Page 29, Muscogee County Records to Plaintiff's Security Deed.

The Clerk of Muscogee County shall correct the real estate records of Muscogee County to reflect this Order and Judgment.

This Order shall constitute a final order in this case and disposes of the entire action.  Each party shall bear its own costs.

IT IS SO ORDERED, this 1st day of October, 2009.

                              S/Clay D. Land
                                    CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE